**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELA NAILS, | ) | CASE NO. 1:24-cv-2135 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| PROGRESSIVE INSURANCE | ) | **MEMORANDUM OPINION AND** |
| COMPANY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**I.     INTRODUCTION**

*Pro se* Plaintiff Angela Nails has filed a civil complaint in this matter against Progressive Insurance Company ("Progressive"). (ECF No. 1). Her complaint does not set forth any specific legal claims, nor does it provide a basis for the Court's subject matter jurisdiction. It generally alleges that Plaintiff has had three auto accidents where Progressive is the liability insurer of the other driver, Plaintiff has suffered damages from those accidents, and Progressive has paid no damages to Plaintiff. (*Id.* at PageID #1–3).

With her complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (ECF No. 2). That motion is **GRANTED**. For the reasons discussed below, Plaintiff's complaint is **DISMISSED**.

**II.    STANDARD OF REVIEW AND DISCUSSION**

Plaintiff is proceeding *in forma pauperis*, so her complaint is subject to initial screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, federal district courts are expressly required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12 (b)(6) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief on its face. *Id.* at 471. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Upon review, the Court finds that Plaintiff's complaint must be dismissed under § 1915(e)(2)(B). Even if the Court liberally construed Plaintiff's complaint as asserting a personal injury claim for damages against Progressive as the alleged tortfeasors' liability insurer, she has failed to state a claim upon which relief may be granted. In Ohio, "an injured person may sue a tortfeasor's liability insurer . . . only after obtaining judgment against the insured." *Clarke v. Geico Ins.*, 1:21-cv-1283, 2021 WL 4148718 (N.D. Ohio Sep. 13, 2021) (quoting *Chitlik v. Allstate Ins.*, 34 Ohio App.2d 193, 193, 299 N.E.2d 295 (Ohio Ct. App. 1973)) (internal quotation marks omitted); *see also* Ohio Rev. Code §§ 3929.05, 3929.06. Plaintiff's complaint does not allege or otherwise demonstrate that she has obtained a judgment against the drivers or alleged tortfeasors

2

to whom she alleges Progressive provides liability insurance. Thus, Plaintiff cannot maintain an action against Progressive as the alleged tortfeasors' insurer.

Notably, Plaintiff has filed two prior cases in this district against liability insurers that were dismissed under § 1915(e)(2)(B) for the same reasons as here—failure to allege or demonstrate a judgment against the alleged tortfeasors. *See Nails v. Cent. Mut. Ins.*, No. 3:23-cv-488, 2023 WL 2956615, at *2 (N.D. Ohio Apr. 14, 2023) (dismissing Plaintiff's prior *pro se* case against Central Mutual Insurance); *Nails v. Progressive Direct Ins.*, No.: 1: 21-cv-1764, 2021 WL 5800493, at *1 (N.D. Ohio Dec. 7, 2021) (dismissing Plaintiff's prior *pro se* case against Progressive). The Sixth Circuit has authorized district courts to place prefiling restrictions on litigants who have a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). Plaintiff is therefore warned that prefiling restrictions may be imposed on her in the future if she continues to file lawsuits in this district against liability insurers that fail on their face to state a plausible claim.

### III. CONCLUSION

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and her complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: March 4, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**